UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERALDINE SWINT,

                Plaintiff,

-against-

UNITED STATES POSTAL SERVICE (USPS),

                Defendant.

24-CV-7176 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, seeking damages for a package that was never delivered. By order dated October 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

The following facts relating to Plaintiff's claims against the United States Postal Service ("USPS") are drawn from the complaint. On November 2, 2023, Plaintiff went to her local post office in Clewiston, Florida, to mail a package to her son in the Bronx, New York, and she was given an "expected [delivery] date of . . . November 6, 2023." (ECF 1 ¶ III.) Using the tracking number, Plaintiff saw on the USPS website that the package arrived in New York City at 4:13 a.m. on November 6, 2023; arrived at a post office in the Bronx at 5:23 a.m.; and was "supposed to be on truck route number X001 in the Bronx" for delivery. (*Id.*) Plaintiff never received an "Out for Delivery" notification, however, and her son never received the package.

Plaintiff called the Bronx post office and was instructed to "file a case to see where it was," but the USPS closed the inquiry without the package being located or delivered. (*Id.*) After Plaintiff contacted the police and "Consumer Affairs," the inquiry with USPS was "reopened and escalated." (*Id.*) Plaintiff continued to pursue the matter both in Florida and in New York and, although she was "promised several follow ups," her "Missing Mail Request" was closed on May 29, 2024, without the contents of the package being "recovered or replaced." (*Id.*) Plaintiff seeks to be reimbursed $1,486.84 for the cost of the contents of the package and her expenses. (*Id.* ¶ IV.)

## DISCUSSION

The USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v.*

*Sherwood*, 312 U.S. 584, 586 (1941)). As a governmental agency, the USPS and its employees are entitled to sovereign immunity. *See Dolan v. USPS*, 546 U.S. 481, 484 (2006).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Congress, however, has carved out certain exceptions to the FTCA's broad waiver of sovereign immunity. One exception is the "postal matter exception," which preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004). The Supreme Court of the United States has construed this provision as retaining immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. Thus, the USPS is immune from suit for "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information[.]" *Id.*

Plaintiff's claim falls squarely within the postal matter exception. The FTCA therefore does not waive the sovereign immunity of the USPS for such claims, and Plaintiff's claims must be dismissed on the basis of sovereign immunity, for lack of subject matter jurisdiction.[1]

---

[1] The Postal Rate Commission ("PRC") has exclusive jurisdiction over service complaints involving the USPS. *See* 39 U.S.C. § 3662 (2006); *Nolen v. U.S. Postal Serv.*, No. 11-CV-114, 2013 WL 660153, at *8 (D. Vt. Feb. 22, 2013); *Shelby Res., Inc. v. U.S. Postal Serv.*, 619 F. Supp. 1546, 1548-49 (S.D.N.Y. 1985) (holding that a hearing by the PRC is the "sole remedy for a user of postal services who is not receiving adequate service"). An adverse ruling from the PRC may be appealed to the United States Court of Appeals for the District of Columbia. *See* 39 U.S.C. § 3663; *Foster v. Pitney Bowes, Inc.*, No. 11-CV-303, 2012 WL 2997810, at *3 (E.D. Pa. July 23, 2012).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses this action under the doctrine of sovereign immunity, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment dismissing this action for the reason set forth in this order.

SO ORDERED.

Dated:   February 13, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge